Matter of State of New York v Gary K. (2020 NY Slip Op 00681)





Matter of State of New York v Gary K.


2020 NY Slip Op 00681


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10925 30140/16

[*1] In re State of New York, Petitioner-Appellant,
v
Gary K. (Anonymous), Respondent-Respondent.


Letitia James, Attorney General, New York (Amit R. Vora of counsel), for appellant.
Marvin Bernstein, Mental Hygiene Legal Service, New York (Sadie Zea Ishee of counsel), for respondent.



Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered August 16, 2018, which, after a nonjury trial, determined that respondent does not suffer from a mental abnormality under Mental Hygiene Law article 10, and bringing up for review a ruling, same court and Justice, dated February 20, 2018, that the diagnosis of unspecified paraphilic disorder is not generally accepted in the relevant community, unanimously reversed, on the law, without costs, the order vacated, and the matter remanded for further proceedings in accordance herewith.
The motion court was constrained to follow the decision of the Second Department in Matter of State of New York v Hilton C. (158 AD3d 707 [2d Dept 2018) since, at that time, we had not yet addressed the issue before it (see D'Alessandro v Carro, 123 AD3d1, 6 [1st Dept 2014]). However, in Matter of State of New York v Jerome A. (172 AD3d 446 [1st Dept 2019]), we rejected the position taken by the Second Department and held that the type of evidence presented at the Frye hearing (see Frye v United States, 293 F 1013 [DC Cir 1923]) in that case, such as the evidence that unspecified paraphilic disorder (USPD) was included as a diagnosis in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5), which signals its general acceptance by the psychiatric community, is sufficient to satisfy the State's burden of showing that the USPD diagnosis meets the Frye standard (172 AD3d at 447) (see also Matter of Luis S. v State of New York, 166 AD3d 1550, 1552-1553 [4th Dept 2018]). The Frye evidence presented in Jerome A. is identical to the Frye evidence in this case.
Consistent with our decision in Jerome A., we decline to rule that the instant record establishes conclusively that the USPD diagnosis would have been found unreliable or that its admission at trial would have made no difference to the outcome of the case.
Accordingly, the verdict that respondent does not suffer from a mental abnormality, rendered after an article 10 trial from which USPD evidence was excluded, must be vacated and the matter remanded for further proceedings, including a
determination whether the evidence meets the threshold standard of reliability and admissibility (see Jerome A., 172 AD3d at 447).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK